UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

GABE SCHERER, )
 )
    Plaintiff, )
 )
v. ) No. 1:16CV236 RLW
 )
CHRISTOPHER ROEMER, et al., )
 )
    Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Ste. Genevieve County Sheriff's Office's 12(b)(6) Motion to Dismiss (ECF No. 16). The motion is fully briefed and ready for disposition. For the foregoing reasons, the Court will grant the motion to dismiss.

### I. Background

This case stems from an injury to Plaintiff's dog during an investigation by the Ste. Genevieve County Sheriff's Office. On September 19, 2016, Plaintiff filed a Complaint under 42 U.S.C. § 1983 alleging civil rights and constitutional violations. (ECF No. 1) Specific to Defendant Ste. Genevieve County Sheriff's Office, Plaintiff has sued for a violation of his Fourteenth Amendment rights under the theory of municipal liability for delegation and failure to train (Count II). In addition, Plaintiff alleges that Defendant Ste. Genevieve County Sheriff's Office is liable under a theory of *respondeat superior* (Count III). Defendant argues that the Ste. Genevieve County Sheriff's Office is not an entity that is capable of being sued.

### II. Legal Standard

With regard to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to plead "enough facts to state a

claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Id.* However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

### III. Discussion

Defendant Ste. Genevieve County Sheriff's Department argues that dismissal is appropriate because the Sheriff's Office is not a legal entity and is therefore not subject to suit. "A local governmental entity, such as a county sheriff's department, which lacks the capacity to be sued under the applicable state law may not be sued in federal court under the provisions [of] Federal Rule of Civil Procedure 17." *Bell v. Perry Cty. Sheriff's Dep't*, No. 1:06CV00155 RWS, 2007 WL 2137800, at *1 (E.D. Mo. July 23, 2007) (citations omitted). The Court looks to Missouri law to determine whether the Defendant Sheriff's Office in this case is subject to suit under § 1983. *Id.* It is well-established under Missouri law that departments of a municipality cannot be sued unless statutory authorization to sue and to be sued has been granted to the departments. *Catlett v. Jefferson Cty.*, 299 F. Supp. 2d 967, 969 (E.D. Mo. 2004) (citation omitted).

2

The Court finds no statutory authorization, and the Plaintiff cites to none, for the Ste. Genevieve County Sheriff's Office to sue or be sued. *Id.*; *see also White v. Camden Cty. Sheriff's Dep't*, 106 S.W.3d 626, 631 (Mo. Ct. App. 2003) (finding Camden County Sheriff's Department was not a legal entity capable of being sued). "Any claims against the Sheriff's Department are properly asserted against [Ste. Genevieve] County." *DB ex rel. Bennett v. Jefferson Cty. Sheriff's Dep't*, No. 4:12-CV-1710 NAB, 2013 WL 5945072, at *2 (E.D. Mo. Nov. 6, 2013). Therefore, the Court finds that the Ste. Genevieve County Sheriff's Office is not a legal entity that is capable of being sued and will grant Defendant's motion to dismiss for failure to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ste. Genevieve County Sheriff's Office's 12(b)(6) Motion to Dismiss (ECF No. 16) is **GRANTED.**

**IT IS FURTHER ORDERED** that all claims against Defendant Ste. Genevieve County Sheriff's Office are **DISMISSED.**

Dated this 2nd day of January, 2018.

*(signature)*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**